## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF PENNSYLVANIKA

IN RE:

| | | |
|---|---|---|
| **NANCY L. TUNSTALL,** | : | **Bankruptcy No. 07-71254 BM** |
| | : | |
| **Debtor** | : | **Chapter 7** |
| ******************************* | : | |
| **NANCY L. TUNSTALL,** | : | |
| | : | |
| **Movant** | : | |
| | : | |
| v. | : | **Doc. # 18:  Motion For Contempt** |
| | : | **And  For Sanctions For Failure To** |
| **DONNELY BOHERER and** | : | **Comply With The Automatic Stay** |
| **DIANA BOHERER,** | : | |
| | : | |
| **Respondents** | : | |

Appearances:   Lawrence R. Burns, Esquire for Debtor
Donnely and Diana Boherer, *Pro Se*

## <u>MEMORANDUM OPINION</u>

Debtor Nancy Tunstall has brought a motion against respondents Donnelly Bohrer and Diana Bohrer.  She maintains that respondents wilfully violated the automatic stay that was in place by commencing an action against debtor in another forum concerning a pre-petition debt which ultimately was discharged in bankruptcy.  Debtor seeks to recover damages she sustained as a result of their allegedly wilful conduct.

Respondents deny that they wilfully violated the automatic stay.  According to respondents, they did not realize that an automatic stay was in place when they brought the action and did not understand that it prohibited them from bringing the action.

We conclude for reasons set forth in this memorandum opinion that respondents wilfully violated the automatic stay and consequently will award debtor damages in the amount of $3,565.55.

**– I –**

**FACTS**

Debtor filed a voluntary chapter 7 petition on November 12, 2007. The schedules accompanying the petition identified assets with a total declared value of $160,451.00 and listed liabilities totaling $23,500,000.00.

Donnelly Bohrer, one of the respondents herein, was identified as having an undisputed general unsecured claim in the amount of $750,000.00. Debtor and her husband, who is not a debtor in this case, had guaranteed payment of a promissory note arising in connection with the purchasing of a gas station and convenience store from respondents. Mr. Bohrer's surname was misspelled as "Borker" on debtor's schedules and statement of financial affairs and mailing matrix.

On December 13, 2007, approximately one month after the petition date in this bankruptcy case, respondents commenced an action in state court in Maryland against debtor (and her husband) for confession of judgment, breach of contract and fraud. The record does not indicate when service upon debtor was made.

Respondents did not request and obtain relief from the automatic stay before bringing the action. They were aware, however, of debtor's bankruptcy case.

Judgment in an amount that is not indicated in the record was entered against debtor (and her husband) on some unspecified date in January of 2008 because debtor did not answer the complaint.

The § 341 meeting of creditors, which respondents attended, was held on January 22, 2008.  Upset that debtor was in bankruptcy, respondents expressed displeasure concerning the possibility that the debt owed by debtor would be discharged in her case. The chapter 7 trustee informed respondents that they had to obtain relief from the automatic stay before bringing the above action against debtor.  She also advised respondents to speak to an attorney about what they had done.

Debtor was granted a general discharge on April 9, 2008, thereby discharging her pre-petition obligation to respondents.

On April 11, 2008, respondents and debtor filed a stipulation in the court in Maryland requesting that the action against debtor be dismissed.  The request was granted on April 14, 2008.

Also on April 11, 2008, debtor brought the present motion against respondents wherein she claimed that respondents had wilfully violated the automatic stay by bringing the above action against her in Maryland.   Debtor requested that respondents be sanctioned and ordered to pay her damages.  An evidentiary hearing on the motion took place on August 28, 2008.

In addition to expressing outrage that the debt owed to them by debtor had been discharged, respondents testified at the evidentiary hearing that they were aware of

debtor's bankruptcy case.   According to respondents, they did not understand that an automatic stay was in place or recognize its significance and had no intention of violating it.   Respondents testified that they brought the action against debtor when they did because some unspecified statute of limitation was about to expire.

Debtor testified at the evidentiary hearing that she spent $1,500.00 to retain an attorney in connection with the action in Maryland.   She also paid her bankruptcy counsel $1,000.00 to consult with the other attorney and to bring and pursue the present motion.

## – II –

## ANALYSIS

Debtor's bankruptcy case commenced on November 12, 2007, when she voluntarily filed a chapter 7 bankruptcy petition.   A voluntary bankruptcy case commences with the filing the filing of a petition. 11 U.S.C. § 301(a).   The commencement of a voluntary constitutes an order for relief. 11 U.S.C. § 301(b).

The filing of a bankruptcy petition operates as a stay, applicable to all entities, of the commencement of a judicial proceeding which could have been commenced prior to the commencement of the bankruptcy case. 11 U.S.C. § 362(a)(1).   No exception to the automatic stay found at § 362(b) applies to the action brought by respondents.   The action respondents brought against debtor could have been brought prior to November 12, 2007, and thus was subject to the automatic stay.

An action taken against a debtor set forth in any subpart of § 362(a) remains in effect until the earliest of the following events: (1) the bankruptcy case is closed; (2) it is dismissed; or (3) the debtor in a chapter 7 proceeding is granted a discharge. 11 U.S.C. § 362(c). Debtor's bankruptcy case has not been dismissed or closed. She was, however, granted a general discharge on April 19, 2008. it follows that the automatic stay was in effect when respondents commenced the above action against debtor in Maryland on December 13, 2007.

Respondents did not request and obtain relief from the automatic stay in accordance with § 362(d)(1) of the Bankruptcy Code prior to commencing the above action against debtor. As a consequence, respondents violated the automatic stay when they brought the action. The judgment entered therein consequently is void *ab initio*. *Maritime Electric Company, Inc. v. Tubbs*, 959 F.2d 1194, 1206 (3d Cir 1992).

An individual debtor who is injured by a willful violation of the automatic stay is entitled to recover damages, including attorneys' fees and costs, from the offending party who violated the automatic stay. When appropriate, punitive damages also may be recovered. 11 U.S.C. § 362(k)(1).

A violation of the automatic stay is wilful for purposes of § 362(k)(1) when: (1) the creditor knew that the automatic stay was operative; and (2) the conduct which violated the automatic stay was intentional. *In re Atlantic Business and Commodity Corporation*, 901 F.2d 826, 829 (3d Cir 1992).

- 5 -

Intention to violate the automatic stay is *not* required for the violation to qualify as wilful; all that is required is for the act which violated the automatic stay to be intentional. *Landsdale Family Restaurants, v. Weis Food Service*, 977 F.2d 826, 829 (3d Cir 1992). A creditor's good faith belief that its conduct did not violate the automatic stay is not relevant. *In re University Medical Center, Inc.* 973 F.2d 1065, 1087-88 (3d Cir 1992).

Respondents testified at the hearing on debtor's motion that they were aware of debtor's bankruptcy case when they filed the above action in Maryland against debtor, but did not understand that an automatic stay was in place and did not understand its significance.

While it may (or may not) be true that respondents did not realize that an automatic stay was in place and had no idea what it entailed, they nonetheless must be charged with knowing that an automatic stay was in place and with understanding its significance.

The record does not indicate whether respondents had retained an attorney to represent them when they commenced their action against debtor on December 13, 2007. Whether they did or did not, however, does not affect the outcome of the present matter.

If respondents had an attorney at the time, counsel presumably understood that an automatic stay was in place and had advised respondents that it prohibited them from bringing the above action. An attorney who is licensed to practice law and represent clients is expected at minimum to know this much about bankruptcy.

The same is true if respondents did not have an attorney, were not aware that an automatic stay was in place, and did not understand what that meant for their post-

- 6 -

petition action against debtor in Maryland.  A creditor who proceeds *pro se* in another forum against a debtor in bankruptcy is responsible for knowing at least the A-B-C's of bankruptcy law.

The automatic stay serves more than one purpose.  Among other things, it provides a debtor in bankruptcy with a "breathing spell from creditors by stopping all collection efforts and all foreclosure actions". *McCartney v.Integra Bank North*, 106 F.3d 506, 509 (3d Cir 1997).  It permits a debtor in bankruptcy an opportunity to reorganize or simply to be relieved of the financial pressures that led to bankruptcy in the first place. *Maritime Electric*, 953 F.2d at 1203.

To hold that respondents need not be charged with knowing that an automatic stay was in place when they brought their action in Maryland against debtor and with understanding its ramifications for the action against debtor would undercut the above critical purpose of the automatic stay.

Assume for the sake of argument that, as respondents claim, they did not specifically intend to violate the automatic stay when they commenced the above action against debtor in Maryland.  This does not "get them off the hook".  Respondents undoubtedly intended to bring the action against debtor.  It was not brought by accident or mistake.

It follows from the foregoing considerations that respondents wilfully violated the automatic stay when they unilaterally took it upon themselves to bring the above action against debtor while the automatic stay was in effect.

- 7 -

It remains to be determined whether sanctions should be imposed on respondents for their wilful violation of the automatic stay.

Debtor seeks to recover the attorney's fee she incurred in retaining an attorney to represent her in connection with the action respondents brought against her in Maryland. Debtor also seeks to recover attorney's fees and costs she incurred in having her bankruptcy counsel consult with her attorney in Maryland and in having bankruptcy counsel bring and prosecute the present motion. Debtor does not seek to recover any other damages.

Evidence was presented indicating that debtor paid an attorney in Maryland $1,500.00 for services provided from March 12, 2008, through March 31, 2008. She wrote a check payable to the attorney in the amount of $1,500.00 on March 14, 2008; it was cashed four days later. No balance remains due for these services.

Evidence also was presented indicating that debtor owed her bankruptcy counsel a total of $2,065.55 for fees and costs incurred and services rendered from February 12, 2008, through August 28, 2008. She wrote a check payable to counsel in the amount of $1,000.00 on March 18, 2008; it was cashed on March 20, 2008. An unpaid balance in the amount of $1,065.55 remains due.

It follows that the damages incurred by debtor on account of respondents' wilful violation of the automatic stay total $3,565.55 ($1,500.00 + $ $2.065.55 = $3,565.55). Respondent will be ordered to pay this amount to debtor.

A final observation is appropriate before we conclude this memorandum opinion.

It is not difficult to comprehend that respondents are upset, even angry, that a substantial debt owed to them by debtor has been discharged and that they will recover nothing from her bankruptcy estate. Their outrage is not surprising.

Respondents nonetheless "stepped over the line" when they brought the above action against debtor in Maryland. We have noted that the automatic stay, which was in place when respondents brought the above action, is meant to afford protection to a debtor in an ongoing bankruptcy case. The automatic stay is not, however, intended solely to protect a debtor; it also is intended to protect a debtor's creditors with the objective of providing them with a modicum of justice. Unfortunately for debtor's general unsecured creditors, no assets were available for distribution to them. Some might question whether justice was served in this case.

This court, however, has a sworn duty to faithfully apply the Bankruptcy Code and other laws as it understands them. We may not disregard the Bankruptcy Code willy-nilly to bring about an outcome which we might think is preferable to what Congress had in mind when it enacted the Bankruptcy Code.

If respondents are displeased –– as they no doubt are –– with the outcome reached in this instance, their recourse lies with Congress and not this court.

An appropriate order shall issue.

10-22-08

BERNARD MARKOVITZ
U.S. Bankruptcy Judge

FILED

OCT 22 2008

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

- 9 -

## IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | |
|---|---|
| **NANCY L. TUNSTALL,** : | **Bankruptcy No. 07-71254 BM** |
| : | |
| **Debtor** : | **Chapter 7** |
| *****************************: | |
| **NANCY L. TUNSTALL,** : | |
| : | |
| **Movant** : | |
| : | |
| **v.** : | **Doc. # 18:  Motion For Contempt** |
| : | **And For Sanctions For Failure To** |
| **DONNELY BOHERER and** : | **Comply With The Automatic Stay** |
| **DIANA BOHERER,** : | |
| : | |
| **Respondents** : | |

## ORDER OF COURT

    **AND NOW**, this _22nd_ day of _October_____, 2008, for reasons set

forth in the preceding memorandum opinion, it hereby is **ORDERED**, **ADJUDGED** and

**DECREED** that debtor's motion for sanctions against respondents Donnelly Bohrer and

Diana Bohrer for violating the automatic stay be and hereby is **GRANTED**.  Respondents

**SHALL** pay debtor damages in the amount of **$3,565.55** for violating the automatic stay.

    It is **SO ORDERED**.

_____
**BERNARD MARKOVITZ**
· U.S. Bankruptcy Judge

cm:   Nancy L. Tunstall
      Lawrence R. Burns, Esquire
      Donnely and Diana Bohrer
      Lisa M. Swope, Esquire
      Office of United States Trustee

**FILED**

OCT 2 2 2008

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA